UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **RICARDO DAVIDSON,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:14-cv-00161 ) **CHIEF JUDGE CRENSHAW** |
| **CHERRY LINDAMOOD,** | ) ) |
| Respondent. | ) |

## ORDER

An all-white jury in Maury County, Tennessee, convicted Petitioner of possession of over 300 grams of cocaine with intent to sell or deliver it in a drug-free school zone. (Doc. No. 33 at 1.) After exhausting his state court appeals and post-conviction process, he filed the instant Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254. (Doc. No. 25.) Before the Court is a Report and Recommendation from the Magistrate Judge, recommending that the Petition be dismissed. (Doc. No. 33.) Petitioner filed timely objections (Doc. No. 36), to which Respondent responded (Doc. No. 37). For the following reasons, the Report and Recommendation is **ADOPTED**.

I.

Petitioner's first objection involves Claim I.B., in which he alleges ineffective assistance of counsel for failure to sufficiently challenge the racial composition of the jury and venire. (Doc. No. 25 at 7.) He believes that the state court clerk should not have dismissed one of the black jurors for hardship. (Doc. No. 36 at 1-2.) Petitioner argues that the judge must dismiss the juror unless the judge delegates the authority to the jury coordinator, pursuant to Tennessee Code Annotated § 22-1-103(b)(1), which did not happen here. (Id. at 2.) Therefore, Petitioner argues that the Clerk's

dismissal of the black juror without any evidence of delegation by the judge violated Tennessee law. (Id.)

The Tennessee Court of Criminal Appeals disagreed with Petitioner. It endorsed the post-conviction court's holding that "Petitioner failed to demonstrate how the Clerk's procedure violated Tennessee law, as well as how he was prejudiced by her failure to follow the law." (Doc. No. 30-25 at 13.) The Court of Criminal Appeals found that "trial counsel zealously represented his client on this matter," and Petitioner "makes no other allegations as to what more trial counsel could have done to seek relief." (Id.) The Magistrate Judge held that these factual findings were not an "unreasonable determination of facts in light of the evidence presented in the State court proceeding." (Doc. No. 33 at 29); 28 U.S.C. § 2254(d)(2).

In his Objections, Petitioner no longer argues that counsel's performance was deficient, but specifically challenges the Tennessee court's interpretation of § 22-1-103(b)(1). (Doc. No. 36 at 1-2.) However, Congress has stated that a federal court may only grant a petition for a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has stated "many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Instead, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citing Estelle, 502 U.S. at 67-68). Whether the Court agrees with Petitioner's interpretation of § 22-1-103(b)(1) or the state court's interpretation, the Court is bound by the state court's interpretation of state law.

II.

Petitioner's second objection is regarding claim I.C., Paragraph 43 in the Petition, of ineffective assistance of counsel for failure to object to a jury instruction. Specifically, Petitioner argues that "trial counsel failed to object to the jury instruction regarding the 'drug-free schools' enhancement, which did not require the jury to find beyond a reasonable doubt that the petitioner possessed any culpable mental state regarding the necessary element of being within 1,000 feet of a daycare facility and imposed strict liability for the element." (Doc. No. 25 at 7.) However, Petitioner did not raise this claim with the state court. Thus, the Magistrate Judge appropriately found that the claim is procedurally defaulted. (Doc. No. 33 at 36.)

Although Petitioner argues that there was an excuse for the procedural default, the Court can bypass that issue if, as here, a decision on the merits is "easily resolvable against the habeas petitioner." Johnson v. Lee, 136 S.Ct 1802, 1806 (2016) (quoting Lambrix v. Singetary, 520 U.S. 518, 525 (1997)). Petitioner's argument is predicated on an assumption that Tennessee law required the State to prove that he had a particular "culpable mental state regarding the necessary element of being within 1,000 feet of a daycare facility," under Tennessee Code Annotated § 39-17-417. (Doc. No. 36 at 4.) However, the Tennessee state courts have "held that the Drug-Free School Zone Act is an enhancement statute and therefore does not require a specific mens rea to conclude that a defendant violated the statute. State v. Reeves, No. W2012-02656-CCA-R3-CD, 2014 WL 1593153, at *9 (Tenn. Crim. App. Apr. 17, 2014) (citing State v. Vasquez, No. M2010-02538-CCA-R3-CD, 2012 WL 5989875, at *13 (Tenn. Crim. App. Nov. 28, 2012)); see also State v. Jones, No. M2015-02515-CCA-R3-CD, 2017 WL 2493684, at *6-7 (Tenn. Crim. App. June 9, 2017) (declining the defendant's request to review its prior decisions because "the Drug Free School Zone Act does not require a specific mens rea, [and] the State is not required to show that

the Defendant knowingly possessed the cocaine with intent to sell the cocaine within 1,000 feet of a school"). Because this objection is merely a difference of opinion with the state court's interpretation of state law, habeas relief is unavailable. Estelle, 502 U.S. at 67. Moreover, because the jury instruction is correct, Petitioner cannot prove that his counsel was deficient for failing to ask for a different one, or that he was prejudiced. Strickland, 466 U.S. at 694. This objection is overruled.

III.

Petitioner's final objection is that the Court "reverse and/or overrule any and all other rulings made in the R & R and otherwise grant him relief." (Doc. No. 36 at 4.) Local Rule 72.03(b)(1) requires any objections to a Report and Recommendation to "state with particularity the specific portions of the Magistrate Judge's report . . . to which an objection is made." Petitioner's general objection "waives subsequent review by the district court and appeal to [the Sixth Circuit]." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (citing references omitted). Nevertheless, the Court has conducted a de novo review of the record and the Magistrate Judge's conclusions are adopted.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327

(2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner has not satisfied this standard and thus a certificate of appealability is denied.

IV.

For the foregoing reasons, the Report and Recommendation (Doc. No. 33) is **ADOPTED**. The Petition (Doc. No. 25) is **DENIED**. A certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c). The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE